NO. 07-02-0146-CV



IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 29, 2002


______________________________



BLANCHA WALLACE,


 Appellant

v.


LINDA FAY MINCEY,


 Appellee

 


FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;


NO. 85,191-C; HON. PATRICK A. PIRTLE, PRESIDING

______________________________


ORDER ON APPELLANT'S MOTION TO DISMISS APPEAL

 


Before BOYD, C.J., QUINN and REAVIS, JJ.

 Blancha Wallace, appellant, has moved to dismiss her appeal contending that "all
matters in controversy have been compromised and settled and there is no further need for the
appeal of this cause." Without passing on the merits of the case, we grant the motion pursuant
to Texas Rule of Appellate Procedure 42.1(a)(2) and dismiss the appeal. Having dismissed
the appeal at appellant's personal request, no motion for rehearing will be entertained, and our
mandate will issue forthwith.

 

 Per Curiam


Do not publish.



 L. Jackson pled guilty to the offense of aggravated robbery and,
on July 31, 2000, was sentenced to ten years confinement in the Institutional Division of
the Department of Criminal Justice. He gave timely notice of appeal from his conviction.

 Appellant's appointed counsel has now filed an Anders brief in support of a motion
to withdraw in which she states that, after reviewing the entire appellate record, she is
convinced no reversible error exists and the appeal is without merit. Anders v. California,
386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel has provided
appellant with a copy of the brief and informed him that he has a right to review the record
and file a pro se brief if he so desires. Appellant has indicated to this court that he desires
to file a brief and was given until April 30, 2001, to do so. Appellant has now filed a motion
for extension of time indicating that the court clerk has refused to furnish him with a copy
of the record and he cannot file a brief without that record. He has also attached a copy
of a notification from the Harris County District Clerk that his request to obtain the record
was denied. 

 It is the duty of the trial court to provide an indigent defendant with an adequate
record on appeal. Newman v. State, 937 S.W.2d 1, 3 (Tex.Crim.App. 1996); Snoke v.
State, 780 S.W.2d 210, 212 (Tex.Crim.App. 1989). Given that appellant has expressed
his desire to file a pro se brief but asserts that he has been unable to obtain a copy of the
record, we believe a hearing should be held as provided in Texas Rule of Appellate
Procedure 38.8(b)(3). Accordingly, the appeal is abated and the cause remanded to the
338th District Court of Harris County. 

 Upon remand, the judge of the trial court shall immediately cause notice to be given
and to conduct a hearing to determine what steps need to be taken to facilitate and ensure
the provision of an appellate record to appellant. The court should also determine if any
other orders are necessary to ensure the proper and timely pursuit of appellant's appeal.

 In support of its determinations, the trial court shall prepare and file written findings
of fact and conclusions of law and cause them to be included in a supplemental clerk's
record. The hearing proceedings shall be transcribed and included in a supplemental
reporter's record. The supplemental clerk's and reporter's records shall be submitted to
the clerk of this court no later than June 8, 2001. 

 It is so ordered.

 Per Curiam

Do not publish.